IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTA GOODROE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. _____ |
| AMERICAN FAMILY CARE, INC. | ) ) ) |
| Defendant. | ) ) |

**COMES NOW**, Plaintiff, Christa Goodroe, and states the following as her Complaint against Defendant, American Family Care, Inc.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, Christa Goodroe, is an individual over 19 years of age and a resident of Shelby County, Alabama.

2. Upon information and belief, Defendant American Family Care, Inc., ("AFC") is an Alabama Corporation doing business throughout the State of Alabama and having its corporate office in Shelby County, Alabama, which engages in interstate commerce and employs more than 15 employees.

3. The Court has jurisdiction of this matter pursuant to 28 USC § 1331.

4. Venue is proper in this District and Division.

## FACTUAL BACKGROUND

5. Plaintiff hereby adopts and incorporates each and every paragraph of the Complaint as though set out fully herein.

6. Prior to this action, an individual from AFC reached out to Ms. Goodroe and solicited her to apply for the position of Staffing Coordinator with the company.

7. Ms. Goodroe made such an application. After meeting with Ms. Goodroe, in person, on multiple occasions, representatives of AFC made her an offer of employment for the Staffing Consultant position on May 21, 2019, contingent *only* upon completion of a background check, drug screen, and physical examination.

8. Ms. Goodroe completed *and passed* the background check, drug screen, and physical examination. AFC's physician stated Ms. Goodloe "appears well over all" and cleared her to perform the duties of the Staffing Coordinator position.

9. As part of the physical examination, Ms. Goodroe provided any and all information requested of her to the AFC physician who performed the drug screen and physical.

10. Despite Ms. Goodroe passing the background check, drug screen, and physical, AFC withdrew its offer of employment.

11. Upon information and belief, AFC used the information obtained about Ms. Goodroe during her physical examination to unlawfully discriminate against her by withdrawing its offer of employment on the basis of her obesity, her mental health

history, and genetic conditions in violation of the Americans with Disabilities Act of 1990 ("ADA") and Genetic Information Nondiscrimination Act of 2008 ("GINA").

12. On May 31, 2019, within 180 days of AFC's unlawful withdrawal of its offer of employment, Ms. Goodroe filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

13. The EEOC investigated Ms. Goodroe's charge, and on November 19, 2019, issued a Notice of Right to Sue.

14. Ms. Goodroe is filing this lawsuit within 90 days of receiving her Notice of Right to Sue.

15. Ms. Goodroe has exhausted all administrative remedies and met all conditions precedent to the filing of this lawsuit.

16. As a direct and proximate result of Defendant's unlawful conduct in violation of the above cited statutes, Plaintiff has suffered and will continue to suffer loss of pay, other past and future pecuniary losses, damages for pain and suffering, and other damages.

## **COUNT ONE – ADA – OBESITY**

17. Plaintiff hereby adopts and incorporates each and every paragraph of the Complaint as though set out fully herein.

18. AFC unlawfully withdrew its offer of employment to Ms. Goodroe due to her disability and/or record of disability, and/or because it regarded her as disabled, in violation of the ADA.

19. AFC based its adverse employment decision on Ms. Goodroe's "obesity" as determined by a Body Mass Index ("BMI") score.

20. Ms. Goodroe's obesity is a disability for the purposes of the ADA, because it is a physical or mental impairment which substantially limits one or more of her major life activities, is outside the "normal" range of weight, and results from a physiological disorder.

21. AFC provided direct evidence of its unlawful discrimination when it stated to the EEOC that it made its adverse employment decision on the basis of Ms. Goodroe's "BMI calculation" which did not meet with its purported "branding standards regarding her weight."

22. Neither Ms. Goodroe's BMI, nor her obesity, nor her weight precluded her from performing the essential functions of the Staffing Coordinator position, with or without reasonable accommodations. Nor is AFC's purported "branding standards regarding weight" a bona fide occupational qualification ("BFOQ") under the ADA.

23. As a direct and proximate result of Defendant's unlawful conduct in violation of the above cited statutes, Plaintiff has suffered and will continue to

suffer loss of pay, other past and future pecuniary losses, damages for pain and suffering, and other damages.

## COUNT TWO – ADA – MENTAL HEALTH

24. Plaintiff hereby adopts and incorporates each and every paragraph of the Complaint as though set out fully herein.

25. AFC unlawfully withdrew its offer of employment to Ms. Goodroe due to her disability and/or record of disability, and/or because it regarded her as disabled, in violation of the ADA.

26. AFC based its adverse employment decision on Ms. Goodroe's mental health and/or mental health history.

27. Ms. Goodroe's mental health is a disability for the purposes of the ADA, because it is a physical or mental impairment which substantially limits one or more of her major life activities.

28. AFC learned of Ms. Goodroe's mental health and/or mental health history through information she provided on company-required forms during the physical performed by an AFC physician, which AFC required as a condition of her employment offer.

29. As a direct and proximate result of Defendant's unlawful conduct in violation of the above cited statutes, Plaintiff has suffered and will continue to

suffer loss of pay, other past and future pecuniary losses, damages for pain and suffering, and other damages.

## COUNT THREE – GINA

30. Plaintiff hereby adopts and incorporates each and every paragraph of the Complaint as though set out fully herein.

31. AFC unlawfully withdrew its offer of employment to Ms. Goodroe due to genetic information and/or family history, in violation of GINA.

32. AFC learned of Ms. Goodroe's genetic information and/or family history through information she provided on company-required forms during the physical performed by an AFC physician, which AFC required as a condition of her employment offer.

33. As a direct and proximate result of Defendant's unlawful conduct in violation of the above cited statutes, Plaintiff has suffered and will continue to suffer loss of pay, other past and future pecuniary losses, damages for pain and suffering, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Court enter an award against Defendant and in her favor for: loss of wages, compensatory

damages, as well as any other different and further relief that may be requested and/or this Court deems appropriate.

                              Respectfully submitted,

                              /s/ James E. Hill
                              **JAMES E. HILL (ASB- 2575 A46H),**
                              **Attorney for Plaintiff**

                              /s/ Joel P. Watson
                              **JOEL P. WATSON (ASB-3600-H44Z)**
                              **Attorney for Plaintiff**

**OF COUNSEL:**

**HILL, GOSSETT, KEMP & HUFFORD, P.C.**
**2603 MOODY PARKWAY, SUITE 200**
**P.O. BOX 310**
**MOODY, ALABAMA 35004**
**(205) 640-2000**

Please Serve Defendant Via Certified Mail at:

American Family Care, Inc.
c/o D Bruce Irwin, Registered Agent
3700 Cahaba Beach Road
Birmingham, AL 35242